UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEANNIE M. BRYANT and TOMMY BRYANT,

        Plaintiffs,

vs.                      Case No.  3:05-cv-162-J-33MCR

FRANKIE L. TROUTMAN, et al.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court on Defendants' Amended Contested Motion to Strike Plaintiffs' Latest Expert Reports for Untimeliness (Doc. # 28), filed on March 14, 2006. Defendants state that they received Plaintiffs' amended experts' reports on March 8, 2006, several weeks after the February 16, 2006 discovery deadline had passed. Defendants argue that the Court should strike the amended expert reports as untimely because the experts have already been deposed and the amended reports state material changes to the experts' previous reports. Defendants claim that they would be severely prejudiced if the Court does not strike the amended reports because Defendants have "expended a great deal of time and expense in deposing these experts" and the Court has already modified the Case Management Order, which gave Plaintiffs' experts "extra" time to prepare for depositions. Defendants argue that Plaintiffs are essentially seeking to re-open discovery because if

the Court allows the new reports, then Defendants would have to re-depose the experts.

In their Response to Defendants' Motion to Strike Latest Expert Reports for Untimeliness (Doc. # 33), Plaintiffs note that they timely disclosed the experts as required by the Case Management Order and included reports of their findings and the bases for their opinions on the information that was available at the time of disclosure. Plaintiffs argue that the amended reports are not prejudicial to Defendants because they have not been significantly altered except to lower the future economic impact of Plaintiff's injuries on her life. They also assert that the basic foundation for the expert opinions has not changed, and the amended reports are "merely harmless economic calculations regarding future losses" and do not include any new theories or significant modification.

A trial court "has broad discretion in the matter of the admission or exclusion of expert evidence, and [its] action is to be sustained unless manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31, 35 (1962)(citing Spring Co. v. Edgar, 99 U.S. 645, 658 (1878)("Cases arise where it is very much a matter of discretion with the court whether to receive or exclude the evidence; but the appellate court will not reverse in such a case, unless the ruling is manifestly erroneous.")). Where Defendants had only concluded deposing Plaintiffs' witnesses on March 1, 2006,

and there is evidence that Defense counsel was aware at that time that at least one expert's opinions had changed with respect to Plaintiff's future earning capacity, the Court is not convinced that the amended experts' reports presented on March 8, 2006 present Defendants with unfair surprise. See <u>Bearint v. Dorell Juvenile</u>, 389 F.3d 1339 (11th Cir. 2004)(citing <u>Grimm v. Lane</u>, 895 F. Supp. 907, 913 (S.D. Ohio 1995)(court admitted untimely expert evidence because no risk of unfair surprise existed)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Amended Contested Motion to Strike Plaintiffs' Latest Expert Reports for Untimeliness (Doc. # 28) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>2nd</u> day of June, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record