```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION

JEANNIE M. BRYANT and TOMMY BRYANT,

                Plaintiffs,

vs.                                    Case No.  3:05-cv-162-J-20MCR

FRANKIE L. TROUTMAN, et al.,

                Defendants.
_____/
```

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss with Prejudice for Plaintiffs' Fraud on the Court (Doc. # 30), filed on March 15, 2006.  Plaintiffs filed a their Response to Defendants' Motion to Dismiss (Doc. # 34) on March 21, 2006.

The issue raised in Defendants' motion is whether Plaintiff Jeannie Bryant perpetrated a fraud on the Court "by lying under oath, giving misleading answers under oath, thwarting Defendants' discovery, and concealing the existence and/or extent of both prior and subsequent injuries."  (Doc. # 30, p. 43.)  Specifically, Defendants claim that Plaintiffs (1) failed to disclose a past Worker's Compensation claim filed after Jeannie Bryant sustained a serious back injury while working at Kentucky Fried Chicken; (2) failed to disclose the fact that, at the time she answered Defendants' Initial Interrogatories, Ms. Bryant was working at Sanderson Pipe Corporation in a job that required her to lift up to seventy pounds; (3) deliberately lied about Ms. Bryant's treating

physician's opinion with respect to her ability to work; and (4) deliberately concealed under oath a subsequent/intervening "slip and fall" incident that occurred after the subject incident. (Id. at pp. 43-46.) Defendants also claim that Plaintiff Tommy Bryant "has deliberately attempted to thwart Defendants' discovery by answering "I don't recall," "I don't remember," and "I'm not sure" to even the most rudimentary of questions posed to him during his deposition. (Id. at pp. 46-47.)

Plaintiffs respond that "Plaintiffs' conduct in this matter, taking into consideration her mental capacity and the span of years at issue, at best, constitutes oversight regarding the failure to remember all possible specific instances of back pain in her life. It does not rise to the level necessary to constitute fraud on the court." (Doc. # 34, p. 3.) Plaintiffs note that Ms. Bryant's workers' compensation claim for back pain was the result of a severe kidney infection. (Id. at pp. 1-2.) Her claim was ultimately dismissed when it was revealed that her condition was not work related. (Id.) As for her work at Sanderson Pipe, Plaintiff responds that she "is on the low average range of intelligence" and "has not claimed that she [is] unable to work at any job, just that it is difficult." (Id. at p. 2.) As to the other matters argued in the Motion to Dismiss, Plaintiff argues that "[t]he minor inconsistencies were an oversight and as a result of a lack of recollection of an event which is too far removed from

this incident to have a probative value in this case." (<u>Id.</u> at p. 3.)

To prove fraud on the Court, the movant must provide clear and convincing evidence that the plaintiff "has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" <u>Jacob v. Henderson</u>, 840 So. 2d 1167, 1169 (Fla. 2d DCA 2003)(citing <u>Cox v. Burke</u>, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)(quoting <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115, 1118 (1st Cir. 1989))). The fact that a party disputes his or her opponent's interpretation of the facts is not grounds for dismissal for fraud. <u>See</u> <u>id.</u> (where the court noted that the plaintiff "either knowingly perpetrated a fraud, exaggerated her injuries, or unknowingly provided evidence that here injuries are far less severe than she may believe. Only the first of these three possibilities would support the dismissal of all claims with prejudice."). In determining which cases are egregious enough to warrant dismissal, courts have been mindful that "[t]rials result from factual disputes. In these disputes, the facts on one side are, at best, less true and, at worse, false or fraudulent." <u>Id.</u>

Upon review of Defendants' motion and Plaintiffs' response, the Court concludes that Defendants have failed to provide clear

and convincing evidence that Plaintiffs have intentionally perpetrated a fraud on the Court. While the Defendants have not met their burden on a motion to dismiss for fraud, to the extent that they believe that Plaintiffs have been untruthful, Defendants will have ample opportunity to bring those untruths to light at trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss with Prejudice for Plaintiffs' Fraud on the Court (Doc. # 30) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>8th</u> day of June, 2006.

                                   _____
                                   VIRGINIA M. HERNANDEZ COVINGTON
                                   UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record