UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEANNIE M. BRYANT,

        Plaintiff,

vs.                          Case No.   3:05-cv-162-J-33MCR

FRANKIE L. TROUTMAN, et al.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Exclude Plaintiffs'[1] Expert Walter Kennedy's Testimony (Doc. # 31), filed on March 15, 2005. Plaintiffs' Response (Doc. # 35) was filed on March 23, 2006.

Defendants have moved to exclude the expert testimony of Walter Kennedy, Plaintiff's accident reconstructionist. Defendants argue that Kennedy's testimony should be excluded because it is (1) unreliable, (2) does not contain scientific, technical, or other specialized knowledge that will assist the trier of fact, and (3) is repetitious, cumulative, confusing, overly prejudicial, and will likely mislead the jury.  (Doc. # 31, p. 1.)  For the reasons stated herein, Defendants' motion is due to be granted.

---

[1] Since the time that the underlying motion and its response were filed, Tommy Bryant notified the Court that he had abandoned his claims against Defendants. (See Doc. # 46.)  As a result, Jeannie Bryant is the sole remaining plaintiff in this action.

**A. Legal Standard**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Court, which serves as a gatekeeper in determining the admissibility of expert testimony, was directed in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993) to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." In Kuhmo Tire Co. v. Carmichael, 526 U.S. 137 (1998), the Court extended its reasoning in Daubert to non-scientist experts, applying it also to testimony on technical and other specialized knowledge. Id. at 141 (also noting that the reliability test is flexible and that "a trial court *may* consider one or more specific factors that Daubert mentioned when doing so will help determine that testimony's reliability."). The party offering an expert has "the burden of demonstrating that the proffered expert is qualified to render an expert opinion, that the opinion is reliable, and that the opinion would assist the trier of fact in resolving a disputed issue of material fact." McDowell v. Brown, 392 F.3d 1283, 1298 (11th Cir.

2004); see also Abramson v. Walt Disney World Co., 370 F. Supp. 2d 1221, 1223 (M.D. Fla. 2005)(noting that the burden is by a preponderance of the evidence).

In Ring v. Cheminova, Inc., 400 F.3d 1286 (11th Cir. 2005), the Eleventh Circuit summarized the standards to be applied when evaluating the admissibility of proffered expert witness testimony under Daubert.  First, the Court must determine whether the expert is qualified to testify competently regarding the matters he or she intends to address.  Second, the Court must examine the methodology by which the expert reaches his or her conclusions and determine if it meets the requirements of Daubert.  Third, the Court must ascertain whether the testimony assists the trier of fact to determine a fact in issue through its application of scientific, technical, or specialized expertise.

### B.  Analysis

The expert witness in this case, Walter Kennedy, has opined that Troutman rear-ended Bryant's vehicle because he was following too closely or failed to maintain a proper lookout.  When asked how he arrived at this opinion, he stated that:

> You look at the -- the fact that, number one, you have a crash.  Mr. Troutman testifies that he did in fact hit Ms. Bryant.  Ms. Bryant testifies that he did hit her and then Ms. Studivant testifies that she observed the defendant strike Ms. Bryant and then causing Ms. Bryant's vehicle to strike hers.
>
> The -- fact that you have a crash shows that Mr. Troutman, if the scenario that it was stop-and-go traffic, failed to maintain the proper following distance

> insomuch as a professional truck driver is mentioned in my report, even going by the guidelines of his own trucking company and those various regulations both federal, state and training regulations or training guidelines, failed to maintain a proper distance that in event that any vehicle, in this case Ms. Bryant's vehicle, came to a stop in front of him, he would have been able to stop without impact.

(Kennedy Deposition, pp. 40-41.) Additionally, Kennedy's expert report (Doc. # 35-2) summarizes the materials he reviewed in preparation for his report (the depositions of Plaintiff, Defendant, and Chris Sadler; the crash report; the Georgia Commercial Driver License Manual; Florida Statutes; and texts on accident reconstruction) and states that his opinion "is based upon accepted traffic reconstruction and engineering principles as well as accepted standards for the safe operation of a motor vehicle." (Doc. # 35-2, p. 3.)

When asked, Kennedy testified that he utilized the following scientific principles to determine that Troutman was at fault:

> The distance, if you consider that Mr. [Troutman]'s speed was 5, 10, or 15 miles per hour, then by calculations, you could calculate what his total stopping distance would be and thereby ascertain as to the distance that he should have been that would have provided him the distance to stop. And at 5 miles an hour, he needed approximately 9 feet; 10 miles an hour, he needed approximately 22 feet; and at 15 miles an hour, he needed approximately 37 feet.
>
> . . .
>
> The fact that he impacts the back of [Bryant's car], indicates either, A, he was not at either one of those distances, he was inside that distance, or B, he failed to maintain proper lookout which resulted in him being -- striking the back of her.

(Kennedy Deposition, pp. 42-43.)

The law clearly states that expert testimony should be "the kind that enlightens and informs lay persons without expertise in a specialized field." United States v. Burchfield, 701 F.2d 356, 357 (11th Cir. 1983). As the Abramson court noted, "[t]his circuit follows the generally accepted rule that 'expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves.'" Abramson, 370 F. Supp. 2d at 1225 (citing Hibiscus Assoc. Ltd. v. Bd. of Trustees of Policemen and Firemen Retirement Sys. of City of Detroit, 50 F.3d 908, 917 (11th Cir. 1995)). It is generally true that expert testimony is unnecessary if the matters are commonly known and observable, or when ordinary experience would render the jury competent to decide the issue. Id. (citing Scott v. Sears, Roebuck & Co., 789 F.2d 1052, 1055 (4th Cir. 1986) and Alzubaidi v. Wal-Mart Stores, Inc., 1991 U.S. Dist. LEXIS 7693, * 1 (E.D. La.)).

The Court is not convinced that the jury requires an expert to opine that a driver who rear-ended the car in front of him may have been following too closely or may have failed to maintain a proper lookout. The fact that Kennedy used accident reconstruction texts or braking averages and percentages to determine stopping distances does not alter the Court's conclusion. The subject of Kennedy's testimony is on matters that "are commonly known and observable"

and the type that "ordinary experience," such as having driven a vehicle in traffic, would render the jury competent to decide the issue. Because it would not assist the trier of fact, Kennedy's testimony must be excluded and further analysis regarding the reliability of his methodology is unnecessary.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendants' Motion to Exclude Plaintiffs' Expert Walter Kennedy's Testimony (Doc. # 31) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>19th</u> day of July, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record