UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEANNIE M. BRYANT,

        Plaintiff,

vs.                           Case No. 3:05-cv-162-J-33MCR

FRANKIE L. TROUTMAN, et al.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Jeannie M. Bryant's Motion in Limine for an Order to Exclude Any Evidence or Comment Concerning the Existence of Any Mental or Emotional Condition of the Plaintiff and Any Past or Present Diagnosis or Treatment for Such Condition (Doc. # 48), filed on July 5, 2006. Defendant's Response (Doc. # 58) was filed on July 14, 2006.

In Count I, paragraph 9 of her Complaint, Plaintiff Jeannie M. Bryant alleged several claims of damages, including damages for mental anguish. Bryant later filed a Notice of Abandoning Claim for Mental Anguish (Doc. # 47) on July 5, 2006 and the mental anguish claim was stricken (Doc. # 55) from the Complaint on July 11, 2006. Plaintiff now argues that "[a]s a result of the abandonment of the claim for damages based upon mental anguish, any evidence concerning the plaintiff's past or present mental or

emotional condition is privileged, irrelevant, immaterial, and unduly prejudicial to the plaintiff." (Doc. # 48, p. 2.)

Florida law dictates that:

A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of the relationship.

Fla. Stat. Ch. 90.503(c)(2).  However, this privilege is not available "for communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense."  Fla. Stat. Ch. 90.503(4)(c).

Defendants seek to circumvent this privilege by arguing that Plaintiff's medical records contain information relevant to her claims regarding "causality and aggravation of Plaintiff's past, present, and future physical health; employability; past and future wage loss; as well as general intangible damages such as pain and suffering (past and future)." (Doc. # 58, p. 3.)  Defendants also argue that her psychological condition "has impacted Plaintiff's ability to perceive pain, which Defendant's [sic] intend to prove may be psychogenic in nature.  Furthermore, Plaintiff's conditions

have undoubtably adversely affected Plaintiff's employability or 'ability to hold down a job.'" (Id. at 8.)

Defendants do not point to any statutory exception to Plaintiff's privilege in this case. Rather, they argue that "waivers of privilege are justified to see that truth is ascertained in legal proceedings and fairness is preserved in the adversary process." (Id. at 13.) Defendants also argue that section 90.503 was not intended "to unfairly disadvantage a party at trial where the proffering party has shown requisite relevance and that the introduction of psychological records is absolutely necessary for a party to have a fair opportunity to defend an adversary's claims." (Id.)

Plaintiff has a privilege under Florida law and, though it was temporarily waived while she claimed mental anguish, that waiver was revoked when she abandoned her mental anguish claim. See Garbacik, 2006 Fla. App. LEXIS 9802, at *5-7. Defendants would have this Court waive Plaintiff's privilege because evidence of her psychological condition is relevant; however, relevancy is not one of the statutorily enumerated exceptions to Section 90.503(c)(2). As the Fifth DCA noted in Garbacik, when a Plaintiff abandons her efforts to collect damages for mental anguish, her psychological state becomes generally irrelevant. See id. at *8. And, with regard to Defendants' argument that the evidence of Plaintiff's psychological condition should come in for purposes of impeachment,

as the Garbacik court noted, "[i]f we allowed an invasion of the privilege because the material could be used for impeachment purposes, we might just as well ignore the privilege in its entirety." Id. For these reasons, Plaintiff's Motion in Limine is due to be granted.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiff Jeannie M. Bryant's Motion in Limine for an Order to Exclude Any Evidence or Comment Concerning the Existence of Any Mental or Emotional Condition of the Plaintiff and Any Past or Present Diagnosis or Treatment for Such Condition (Doc. # 48) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 19th day of July, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record